UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

PINECREST BAKERY 12, LLC
d/b/a PINECREST BAKERY #12 and
WEST FLAGLER PLAZA CORP.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Pinecrest Bakery 12, LLC d/b/a Pinecrest Bakery #12 and Defendant West Flagler Plaza Corp. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are complying with the ADA and ADAAG.

5. Defendant Pinecrest Bakery 12, LLC (also referenced as "Defendant Pinecrest 12," "operator," lessee" or "co-Defendant") is a Florida limited liability company authorized to transact business in the state of Florida. On information and belief, Pinecrest Bakery 12, LLC is a related entity to the Pinecrest Bakery brand Cuban-American bakery chain operating in South Florida.

6. Defendant West Flagler Plaza Corp. (also referenced as "Defendant Plaza Corp," "lessor," "owner," or "co-Defendant") is a Florida for profit corporation. Defendant Plaza Corp is the owner of the "West Flagler Plaza Shopping Center" which is real property built out as a mixed-use community shopping center is located at 10720 West Flagler Street, Miami, Florida 33174, which is also referenced as Folio 25-4006-001-1270. Defendant Plaza Corp leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) Madrono Restaurant, Hong Kong Restaurant, Sabores Chilenos Restaurant, La Shangrila Latin Restaurant, a Walgreens, a Sedano's Supermarket, and a pet grooming salon. Defendant Plaza Corp also leases a portion of its

real property to co-Defendant Pinecrest 12 who in turn operates its Pinecrest Bakery (which is the subject of this instant action) at that location.

## FACTS

7. Pinecrest Bakery #12 is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as it is a restaurant which serves Cuban style foods and drinks and §12181(7)(E) as a bakery as it also serves Cuban style baked goods, as well as pursuant to 28 C.F.R. §§36.104(2) and (5) (as a restaurant and bakery, respectively). The Pinecrest Bakery restaurant and bakery located at 10780 West Flagler Street (which is within Defendant Plaza Corp's community shopping center) which is the subject of this complaint is also referenced as "Pinecrest Bakery #12," "Pinecrest Bakery restaurant and bakery," "restaurant and bakery," or "place of public accommodation."

8. As the operator of restaurant and bakery which is open to the public, Defendant Pinecrest 12 is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant and bakery; 42 U.S.C. §12182, §§12181(7)(B) & (E); 28 C.F.R. §§36.104(2) & (5).

9. Because Plaintiff is frequently in the area visiting friends on November 9, 2021 Plaintiff went to the Pinecrest Bakery restaurant and bakery to purchase a baked goods and to enjoy eating his purchase in the restaurant. However, Plaintiff could not enjoy his purchased item within the restaurant due to the non-compliant seating area.

10. Furthermore, while patronizing the restaurant and bakery, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the non-compliant facilities, Plaintiff has been denied full and equal access by the operator/lessee of the restaurant and bakery (Defendant Pinecrest 12) and by the owner/lessor of the community shopping center which houses the restaurant and bakery (Defendant Plaza Corp).

12. Defendant Pinecrest 12 is well aware of the ADA and the need to provide for equal access in all areas of its restaurant and bakery. Therefore, Defendant Pinecrest 12's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Pinecrest Bakery restaurant and bakery is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of a community shopping center which is operated as various places of public accommodation including Pinecrest Bakery #12 which is open to the public, Defendant Plaza Corp is also a "Public Accommodation" pursuant to 42 U.S.C. §§12181(7)(B) & (E) and 28 C.F.R. §§36.104(2) & (5). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant Plaza Corp is aware of the ADA and the need to provide for equal access in all areas of its community shopping center which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize and test the Pinecrest Bakery #12 for compliance with the ADA and ADAAG, but continues to be injured in that he continues to suffer discrimination due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20.     Prior to the filing of this lawsuit, Plaintiff personally visited Pinecrest Bakery #12, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

21.     Defendant Pinecrest 12 (operator of the restaurant and bakery) and Defendant Plaza Corp (owner/lessor of the community shopping center housing that restaurant and bakery) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Pinecrest Bakery #12 in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at Pinecrest Bakery #12.

23.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Plaza Corp and which houses Pinecrest Bakery #12 (operated by lessee Defendant Pinecrest 12) is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the owner and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Pinecrest 12, the seating provided at Pinecrest Bakery #12 does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards for Accessible Design.

ii. There are permanently designated interior spaces without proper signage. As to Defendant Pinecrest 12, the men's accessible restroom sign is mounted on the hinge side of the door, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the restroom door, as the locking hardware is non-compliant. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 which require controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that

        operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

iv. As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

v. As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

vi. As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is mounted to the wall side of the water

        closet. Because the flush valve is not mounted on the compliant side, this is in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design.

vii.    As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

viii.   As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory without assistance, as it is mounted too high. The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG as well as Section 606.3 and

    Section 604.4 (as related to the faucet within that sink) of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

x. As to Defendant Pinecrest 12 (lessee/operator) and Defendant Plaza Corp (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is also a violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that, when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

xi. Plaintiff could not use the soap dispenser outside the stall without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36.

The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Pinecrest Bakery restaurant and bakery accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter its community shopping center property and the restaurant and bakery therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant West Flagler Plaza Corp. (owner of the community shopping center housing the Pinecrest Bakery) and Defendant Pinecrest Bakery 12, LLC (operator of that Pinecrest Bakery) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the Pinecrest Bakery located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 6th_ day of December 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*